UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRY FRESH BATTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> LION RAISINS, INC., <br><br> Defendant. | No. 1:17-cv-01527-DAD-BAM <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS <br><br> (Doc. No. 5) |

This matter is before the court on defendant's motion to dismiss. (Doc. No. 5.) On January 23, 2018, a hearing on the motion was held. Attorney Andrew M. Hutchison appeared telephonically on behalf of plaintiff Country Fresh Batter, Inc. Attorney Keith C. Rickelman appeared on behalf of defendant Lion Raisins, Inc. Having reviewed the parties' briefing, heard arguments, and for the reasons that follow, defendant's motion to dismiss will be granted.

## BACKGROUND

In its complaint, plaintiff alleges as follows. Plaintiff, doing business as Hope's Cookies, has purchased raisins from defendants since 2014. (Doc. No. 1 (Compl.) at ¶ 6.) On or about December 16, 2016, plaintiff and defendant entered into the 2017 Raisins Contract (hereinafter "the Contract"), pursuant to which defendant was to supply plaintiff with 756,000 pounds of raisins for 2017. (*Id.* at ¶¶ 7–8.) From January 2017 through April 2017, plaintiff submitted purchase orders to defendant pursuant to the terms of the Contract. (*Id.* at ¶ 9.) Defendant

1

accepted plaintiff's purchase orders and fulfilled those orders through August 2017. (*Id.*) In August 2017, plaintiff placed purchase orders 30093, 30094, and 30095 (hereinafter "the Purchase Orders"), all of which defendant confirmed on August 25, 2017. (*Id.* at ¶ 11.) On September 12, 2017, without advance notice or warning, defendant terminated the Contract as well as the Purchase Orders. (*Id.* at ¶ 12.) In so doing, defendant invoked the "Performance" clause of the Contract, asserting that plaintiff was in breach by failing to pull shipments evenly as required under the Contract. (*Id.* at ¶ 20.) Plaintiff alleges that defendant's assertion—that plaintiff had breached the contract—was "false, wrongful, and without justification," but also that plaintiff knew the assertion to be false when it was made. (*Id.* at ¶¶ 22–25.) Because of defendant's breach of the contract in this way, and because of defendant's false statement regarding plaintiff's breach, plaintiff alleges it incurred substantial costs to find alternative sources of raisins. (*Id.* at ¶ 26.)

Plaintiff's complaint alleges breach of contract and fraud. On December 5, 2017, defendant moved to dismiss both plaintiff's fraud claim and claim for punitive damages. (Doc. No. 5.) On January 9, 2018, plaintiff filed its opposition. (Doc. No. 6.) On January 15, 2018, defendant filed its reply. (Doc. No. 7.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## DISCUSSION

As indicated above, defendant moves to dismiss the second cause of action of the complaint, in which plaintiff alleges fraud. Defendant also moves to dismiss plaintiff's punitive damages claim. Before turning to the motion to dismiss, however, the court will first address defendant's request for judicial notice. (Doc. No. 5-3.)

**A.     Request for Judicial Notice**

Federal Rule of Evidence 201 provides that the court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Defendant requests that the court take judicial notice of plaintiff's complaint. (Doc. No. 5-3.) Because the court does not need to take judicial notice of pleadings before it, the court

3

construes this as a request for the court to take judicial notice of the Contract and the Purchase Orders at issue, which are attached to plaintiff's complaint. (*See* Compl. at ¶¶ 7–12.) Accordingly, the court will take judicial notice of the Contract and the Purchase Orders because they have been incorporated by reference into plaintiff's complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**B.  Fraud Claim**

The court turns next to the second cause of action, which alleges fraud. To state a claim for fraud in California, the plaintiff must allege: (1) misrepresentation, including false representation, concealment, or nondisclosure; (2) knowledge of falsity or having the proper scienter; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997). In the complaint, plaintiff alleges that defendant made a misrepresentation when it stated that plaintiff had breached the Contract, thereby giving rise to the fraud claim. (Compl. at ¶¶ 22–23.) Defendant argues that the fraud claim is inadequately pled because plaintiff purportedly knew defendant's statement that plaintiff had breached the Contract to be false, thereby making any reliance on it unjustifiable as a matter of law.

In determining whether reliance on a misrepresentation is justifiable, "the issue is whether the person who claims reliance was justified in believing the representation in the light of his own knowledge and experience." *Gray v. Don Miller & Assocs., Inc.*, 35 Cal. 3d 498, 503 (1984). "Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." *All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995) (quoting *Blankenheim v. E.F. Hutton & Co.*, 217 Cal. App. 3d 1463, 1475 (1990)). The court therefore begins with the strong presumption that dismissal on the basis of unjustifiable reliance is unwarranted at the pleading stage.

As defendant points out, however, here plaintiff specifically concedes in the allegations of its complaint that it knew that defendant's assertions supporting termination of the contract were false. (Compl. at ¶ 25) ("Although Hope's knew that Lion's assertions purportedly supporting

Lion's termination of the 2017 Raisins Contract were false, Hope's had to reasonably and justifiably rely upon the fact that the 2017 Raisins Contract was being wrongfully terminated"). The California Supreme Court has held that as a matter of law, a plaintiff may not claim justifiable reliance in support of a fraud claim when it knew the defendant's statement to be false. *Seeger v. Odell*, 18 Cal. 2d 409, 415 (1941) (noting that a party may not rely on representations "which are shown by facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth"); *see also Broberg v. Guardian Life Ins. Co of Am.*, 171 Cal. App. 4th 912, 921 (2009) ("Generally, a plaintiff will be denied recovery only if his conduct is manifestly unreasonable in the light of his own intelligence or information") (internal quotation marks, brackets and citations omitted); *cf. Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1163–64 (9th Cir. 2012) (dismissing the fraud complaint of a credit card holder because there can be no reasonable reliance when a plaintiff failed to read a contract before signing it).

Plaintiff attempts to distinguish this line of cases, arguing that rather than focusing on the falsity of the statement, "California courts have focused on whether plaintiff's **conduct** was manifestly unreasonable in light of his own intelligence or information." (Doc. No. 6 at 8.) Neither case cited by plaintiff calls into question the rule from *Seeger* that a party may not rely on a statement the party knows to be false as the basis for a fraud claim.[1] *See Cal. Pub. Emps.' Ret. Sys. v. Moody's Inv'rs Serv., Inc.* 226 Cal. App. 4th 643, 673 (2014); *Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1239 (2013). Because plaintiff acknowledges in the allegations of complaint that it knew defendant's statement to be false, the court finds plaintiff's fraud claim to be inadequately pled.

/////

/////

---

[1] At oral argument, plaintiff directed the court's attention to the decision in *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979 (2004), which held that the economic loss rule does not bar a plaintiff's fraud and intentional misrepresentation claims when those claims are independent of breach of contract. *Id.* at 991. Consideration of that decision also does not alter the court's analysis, since there is no indication that the plaintiff in *Robinson Helicopter* knew the statement at issue to be false.

5

**C.    Punitive Damages**

Defendant also seeks dismissal of plaintiff's request for punitive damages. "In the absence of an independent tort, punitive damages may not be awarded for breach of contract even where the defendant's conduct in breaching the contract was willful, fraudulent, or malicious." *Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 61 (1999) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994)) (internal quotation marks omitted). Because the court will dismiss plaintiff's fraud claim for the reasons set forth above, plaintiff's only remaining claim is for breach of contract. Accordingly, the court will also dismiss plaintiff's claim for punitive damages.

**D.    Leave To Amend**

Plaintiff has not requested leave to amend its complaint. Nonetheless, Federal Rule of Civil Procedure 15 instructs courts to "freely give leave when justice so requires," and that rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citations omitted). Because the court does not find that granting leave to amend in this case would cause "undue prejudice to the opposing party," and out of an abundance of caution, the court will grant plaintiff leave to amend its complaint if it wishes to do so in order to attempt to cure the noted deficiencies. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff will be given 28 days to file either an amended complaint or a notice that it intends to proceed only on its breach of contract claim in this action.[2]

/////

/////

/////

/////

/////

---

[2] Although plaintiff is granted the opportunity to amend its complaint, the court cautions plaintiff to do so only if it can allege additional claims in good faith. Pursuing litigation without evidentiary support for the allegations made may result in the imposition of sanctions. *See* Fed. R. Civ. P. 11(b)(3); *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153–54 (9th Cir. 2002); *Ass'n of Women with Disabilities Advocating Access v. Mouet*, No. 06cv2240 JM(LSP), 2007 WL 951837, at *2–3 (S.D. Cal. Mar. 23, 2007).

**CONCLUSION**

For these reasons,

1. Defendant's motion to dismiss (Doc. No. 5) is granted;

2. Plaintiff's second cause of action for fraud is dismissed; and

3. Plaintiff's claim for punitive damages is dismissed.

IT IS SO ORDERED.

Dated: **February 23, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE