UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRY FRESH BATTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> LION RAISINS, INC., <br><br> Defendant. | No. 1:17-cv-01527-DAD-BAM <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO AMEND <br><br> (Doc. No. 17) |

This matter is before the court on plaintiff's motion to amend the complaint. (Doc. No. 17.) On July 3, 2018, that motion came before the court for hearing. Attorney Andrew Mark Hutchison appeared telephonically on behalf of plaintiff Country Fresh Batter, Inc, and attorney Bertram Kaufmann appeared on behalf of defendant Lion Raisins, Inc. (Doc. No. 22.) Having considered the parties' briefing and oral arguments, the court will grant plaintiff's motion to amend.

**BACKGROUND**

In its complaint, plaintiff alleges as follows. Plaintiff, doing business as Hope's Cookies, has purchased raisins from defendants since 2014. (Doc. No. 1 (Compl.) at ¶ 6.) On or about December 16, 2016, plaintiff and defendant entered into the 2017 Raisins Contract, pursuant to which defendant was to supply plaintiff with 756,000 pounds of raisins for 2017. (*Id.* at ¶¶ 7–8.) From January 2017 through April 2017, plaintiff submitted purchase orders to defendant pursuant

to the terms of the contract.  (*Id.* at ¶ 9.)  Defendant accepted plaintiff's purchase orders and fulfilled those orders through August 2017.  (*Id.*)  In August 2017, plaintiff placed purchase orders 30093, 30094, and 30095, all of which defendant confirmed on August 25, 2017.  (*Id.* at ¶ 11.)  On September 12, 2017, without notice or warning, defendant terminated the contract as well as the purchase orders.  (*Id.* at ¶ 12.)  In so doing, defendant invoked the "performance" clause of the contract and asserted that plaintiff breached the contract by failing to pull shipments evenly as required.  (*Id.* at ¶ 20.)  Because of defendant's breach, plaintiff incurred substantial costs to find alternative sources of raisins.  (*Id.* at ¶ 26.)

Plaintiff's complaint included causes of action for breach of contract and fraud.  (Doc. No. 1.)  On December 5, 2017, defendant moved to dismiss plaintiff's fraud claim and request for punitive damages.  (Doc. No. 5.)  On February 26, 2018, this court granted the motion to dismiss and provided plaintiff twenty-eight days in which to either file an amended complaint or provide notice of its intent to proceed only on its breach of contract claim.  (Doc. No. 11.)  On March 26, 2018, plaintiff provided such notice.  (Doc. No. 12.)  Thereafter, defendant filed its answer, in which it alleges that the contract at issue had been modified and asserts an affirmative defense that it complied with all applicable provisions of the modified contract.  (*See* Doc. No. 13 at ¶¶ 19–21.)  In response to defendant's allegation that the contract had been modified, plaintiff sought to amend its complaint to include factual allegations addressing the contract modifications, but not to add any new causes of action.  (Doc. Nos. 17 at 4; 17-1 at ¶¶ 9–14.)  On June 19, 2018, defendant filed its opposition to the motion to amend.  (Doc. No. 19.)  Plaintiff filed its reply on June 26, 2018.  (Doc. No. 20.)

## LEGAL STANDARD

"A party may amend its pleading once as a matter of course within:  (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent.  *Id.*

/////

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend pleadings] when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp.*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

Further, in determining futility, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied." *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 MOORE'S FEDERAL PRACTICE P. 15.08(4) (2d ed. 1974)). Amendment is therefore proper "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.'" *United States v. Corinthian Colls.*, 655 F.3d 984, 955 (9th Cir. 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).

**ANALYSIS**

As stated, the court may deny leave to amend where the amendment would prejudice the opposing party, is sought in bad faith, produces undue delay, or is futile. In considering the pending motion, the court examines each of these possibilities in turn.

"Absent prejudice, there is a presumption under Rule 15(a) in favor of granting leave to amend." *Serpa*, 318 F. Supp. 2d at 870 (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

1048, 1052 (9th Cir. 2003)). The party opposing amendment bears the burden of showing such prejudice. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs*, 833 F.2d at 186). Defendant does not contend that it would face prejudice if plaintiff were permitted to amend its complaint. Therefore, the court finds that prejudice provides no basis to deny leave to amend.

The court next examines whether plaintiff has acted in bad faith in moving to amend. According to plaintiff's motion, plaintiff's counsel emailed defendant's counsel on May 24, 2018, seeking a stipulation permitting plaintiff to amend its complaint. (Doc. No. 17 at 2.) After receiving no response, plaintiff's counsel called defendant's counsel on the morning of May 25, 2018 to again request such a stipulation. (*Id.*) Defendant's counsel advised that he had not yet received client authorization to sign the stipulation. (*Id.* at 2–3.) Later that same day, plaintiff's counsel again contacted defendant's counsel, and defendant's counsel provided the same response. (*Id.* at 3.) Plaintiff's counsel thereupon filed the instant motion, explaining that he could not wait any longer because the deadline for seeking amendment to the pleadings was that same day. (*See* Doc. No. 16.) The court does not find that plaintiff engaged in any bad faith. Plaintiff sought to obtain a stipulation on several occasions, which would have obviated the need for the present motion.

The third factor that the court must consider is whether granting leave to amend would cause undue delay in the litigation. In answering this question, a court will "not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." *AmerisourceBergen Corp.*, 465 F.3d at 953. Instead, a court must also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. Plaintiff's motion complied with the court's scheduling order—it was filed on May 25, 2018, the deadline for filing amendments to the pleadings. (*See* Doc. No. 16.) However, as defendant points out, that fact alone does not end the court's inquiry. Defendant argues that the facts giving rise to the motion to amend were known to plaintiff, or at least obviously should have been known, and that there is therefore no reason for allegations with respect to those facts to have
/////

4

been left out of the original complaint. (Doc. No. 19 at 3.) Defendant therefore contends that plaintiff has unduly delayed by failing to include them in the complaint. (*Id.*)

In its answer, defendant's first affirmative defense asserts that the contract was modified on March 7, 2017, and that defendant performed all the required conditions under the modified contract. (Doc. No. 13 at ¶¶ 19–21.) The modified contract was signed by both parties, meaning that plaintiff was actually aware or else obviously should have been aware of its existence. (Doc. No. 19 at 3.) The court therefore finds that consideration of this factor weighs against the granting of plaintiff's motion to amend.

Finally, the court addresses whether leave to amend would be futile. "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

The court has reviewed plaintiff's proposed amended complaint and finds that the granting of leave to amend would not be futile here. Plaintiff does not propose to add any causes of action to its complaint, and instead seeks only to add additional factual allegations in support of its breach of contract theory. (*See* Doc. No. 17 at 14–15.) Such an amendment could bolster a valid claim and is in no way futile.

The court acknowledges that plaintiff's motion to amend comes more than six months after its original complaint was filed and therefore may result in some slight delay in the resolution of this action. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991) (finding that a district court did not abuse its discretion in denying leave to amend where the plaintiff delayed filing an amended complaint for eight months). Nonetheless, delay by a party in seeking leave to amend is only one of several factors for the court's consideration, and it is not the most important. *See Jackson*, 902 F.2d at 1387. At oral argument, plaintiff's counsel explained that the failure to include allegations related to the modified contract was caused by a simple miscommunication between attorney and client. Having found that defendant has made no showing of prejudice, bad faith, or futility, and in light of this Circuit's policy of granting leave to amend "with extreme liberality," *Eminence Capital*, 316 F.3d at 1048 (quoting *Owens v.*

*Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)), the court is satisfied that the granting of leave to amend is warranted here.

**CONCLUSION**

For these reasons, plaintiff's motion to amend (Doc. No. 17) is granted. Plaintiff shall file its First Amended Complaint within 14 days of the date of this order.

IT IS SO ORDERED.

Dated: **July 13, 2018**

UNITED STATES DISTRICT JUDGE