# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRY FRESH BATTER, INC., | Case No. 1:17-cv-01527-DAD-BAM |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RENEWED MOTION TO COMPEL FURTHER DISCOVERY RESPONSES |
| v. | |
| LION RAISINS, INC., | |
| Defendant. | (Doc. No. 47) |

**I.      Background**

Currently pending before the Court is Plaintiff Country Fresh Batter, Inc.'s Renewed Motion to Compel Further Discovery Responses and Motion to Compel Depositions of Bruce Lion and Deposition of Lion Raisins, Inc. filed on March 1, 2019. (Doc. No. 47.) On March 15, 2019, the parties filed a Joint Statement re Discovery Disagreement. (Doc. No. 52.)

On March 20, 2019, the Court held a telephonic informal discovery dispute conference on the record to address the pending motion to compel. During the conference, and as stated on the record, the parties resolved all issues raised in the motion to compel except for Plaintiff's written discovery requests regarding Defendant Lion Raisins, Inc.'s sales of raisins following termination of the parties' 2017 contract ("subsequent sales").

Having considered the parties' papers and arguments, and for the reasons discussed below, Plaintiff's motion to compel further responses to its request for written discovery

1

regarding Defendant's subsequent sales will be GRANTED. The remainder of Plaintiff's motion to compel will be DENIED AS MOOT based on resolution of the issues during the informal telephonic discovery dispute conference held on March 20, 2019.

**II.  Discussion**

Generally, under Federal Rule of Civil Procedure 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Rule 33(a) allows a party to serve on any other party written interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(1), (2). Similarly, Rule 34(a) provides that a party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample any designated documents or tangible things in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1)(A), (B). If the responding party provides an evasive or incomplete disclosure, answer, or response, then the party seeking discovery may move for an order compelling answers or production. Fed. R. Civ. P. 37(a)(3)(A) and (a)(4).

As framed during the informal discovery conference, the written discovery at issue relates to information regarding Defendant's subsequent sales, i.e., Defendant's sale of raisins after termination of its contract with Plaintiff in September 2017. This discovery is encompassed in the following requests:

**Interrogatory No 7**:

IDENTIFY all contracts and purchase orders for the sale or supply of RAISINS that YOU performed, in whole or in part, from January 1, 2017 to the present.

**Request for Production No. 27**:

| | |
|---|---|
| 1 | All DOCUMENTS and COMMUNICATIONS RELATED to YOUR sales of RAISINS |
| 2 | after YOU terminated the 2017 RAISINS Contract. |

(Doc. No. 52 at 19, 20.) Plaintiff has agreed to limit the scope of Request for Production No. 27 to "[A]ll DOCUMENTS and COMMUNICATIONS RELATED to YOUR sales of RAISINS after YOU terminated the 2017 RAISINS Contract, <u>where such sales were fulfilled with RAISINS from the 2016-2017 raisin crop or from any earlier crop that could have been used to supply RAISINS to [Plaintiff] under the 2017 Raisins Contract.</u>" (Doc. No. 52 at 22.)

The crux of the parties' dispute is whether these requests seek discovery relevant to any party's claims or defenses as required by Federal Rule of Civil Procedure 26(b)(1). Defendant contends that information regarding contracts it performed or other contracts for the sale of raisins following termination of Plaintiff's contract are not relevant to Plaintiff's complaint for breach of contract, which alleges that Defendant breached the contract by failing to supply the quantity of raisins required by such contract. (Doc. No. 52 at 24, 28.) Defendant also contends that this information is not relevant to Defendant's defenses in this action, which are based on the following provisions of the contract:

> (1) "In the event of any…weather related damage to raisin crops subsequent to the sale date of this contract, Seller may reduce the quantities herein by [25%] without penalty; if more than [25%] of the ordered amount is not shipped by Seller, Seller shall pay damages not greater than [5%] of the contract price of the shorted amounts below [75%] of the ordered amount."
>
> (2) "Should Buyer not withdraw at least 85% of the three month average as outlined herein, Seller may dispose of the non-withdrawn amount in its sole discretion and without recourse from Buyer."

(*Id.*)

Plaintiff counters that these requests are "relevant to whether [Defendant] acted in good faith and fair dealing in its contract with [Plaintiff], or instead whether [Defendant] unfairly and improperly terminated its contract with [Plaintiff] in order to use its current and anticipated inventory of raisins to perform other more profitable contracts, or to enter into and perform new contracts that were more profitable to Defendant." (Doc. No. 52 at 21-22.) Plaintiff also argues that Defendant's performance of contracts for the sale or supply of raisins is relevant to the affirmative defenses, which place this information at issue, particularly Defendant's assertion

that it was impossible to fulfill the remainder of the contract with Plaintiff. (*Id.* at 22.)

"The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" *Synchronoss Techs., Inc. v. Egnyte, Inc.*, No. 4:16-cv-00120-HSG (KAW), 2019 WL 288483, at *1 (N.D. Cal. Jan. 23, 2019); Fed. R. Civ. P. 26(b)(1). Relevance, not admissibility, is the touchstone of discovery. Fed. R. Civ. P. 26(b)(1); *Bonanza Beverage Co. v. MillerCoors, LLC*, No. 218CV01445JADGWF, 2019 WL 302491, at *3 (D. Nev. Jan. 23, 2019) (noting direct statement in Rule 26(b)(1) that "[i]nformation within this scope of discovery need not be admissible to be discoverable" re-emphasizes that "relevance is the touchstone of discovery"); Fed. R. Evid. 401(a), (b) ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

In this instance, the Court agrees with Plaintiff that information regarding subsequent sales by Defendant is relevant to the claim and defenses in this action. This is particularly true with respect to Defendant's assertion regarding its alleged inability to fulfill the contract with Plaintiff. Accordingly, the Court will grant Plaintiff's motion to compel further responses to Interrogatory No. 7 and Request for Production No. 27 limited to the issue of subsequent sales. Thus, in response to Interrogatory No. 7, Defendant must "identify all contracts and purchase orders for the sale or supply of raisins that it performed, in whole or in part, from September 12, 2017 to December 31, 2017, where such sales were fulfilled with raisins from the 2016-2017 raisin crop or from any earlier crop that could have been used to supply raisins to Plaintiff under the 2017 raisins contract." Further, in response to Request for Production No. 27, Defendant must produce all "all documents and communications related to its sales of raisins after it terminated the 2017 RAISINS Contract, where such sales were fulfilled with raisins from the 2016-2017 raisin crop or from any earlier crop that could have been used to supply raisins to Plaintiff under the 2017 raisins contract."[1] As previously discussed with the parties, all customer

---

[1] Additionally, subsequent sales, as limited in this order, are included in the permissible scope of inquiry for Defendant's 30(b)(6) witness provided that this topic previously was identified in the notice of deposition.

and/or grower names shall be treated as confidential and should be redacted from any production.

### III. Conclusion and Order

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's renewed motion to compel is GRANTED IN PART and DENIED IN PART.

2. Within **ten (10) days** from the date of this order, Defendant shall serve written responses and production of documents without objection to the following discovery propounded by Plaintiff and as modified in this Order:

    **Interrogatory No. 7**: Identify all contracts and purchase orders for the sale or supply of raisins that Defendant performed, in whole or in part, from September 12, 2017 to December 31, 2017.

    **Request for Production No. 27:** All documents and communications related to Defendant's sales of raisins after it terminated the 2017 RAISINS Contract, where such sales were fulfilled with raisins from the 2016-2017 raisin crop or from any earlier crop that could have been used to supply raisins to Plaintiff under the 2017 raisins contract; and

3. Plaintiff's renewed motion to compel as to all other discovery requests is DENIED AS MOOT based on resolution of those issues during the March 20, 2019 informal discovery conference.

IT IS SO ORDERED.

Dated: **March 21, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE